UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEAN-GESPERE PIERRE,

                      Plaintiff,

        -against-

NEW YORK STATE DEPARTMENT OF
STATE; SUPREME COURT OF THE STATE
OF NEW YORK 2ND DIV.; DEPARTMENT
OF LABOR; DEPT OF UNEMPLOYMENT
IN.; DEPARTMENT OF STATE DIVISION
OF LICENSING,

                    Defendants.

19-CV-11319 (CM)

ORDER OF DISMISSAL AND
TO SHOW CAUSE UNDER
28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff filed this action *pro se* under the Court's federal question jurisdiction. The Court

grants Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP),

but dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff, a Brooklyn resident, filed this complaint on December 10, 2019, against the New York State Department of State; the Supreme Court of the State of New York, Appellate Division, Second Department; the Department of Labor; the Department of "Unemployment In.;" and the "Department of State Division of Licensing." Attachments to the complaint provide the context for Plaintiff's claims. (ECF Doc. 2 at 8-17.)

In 2014, Plaintiff filed a complaint with the New York State Division of Human Rights (NYSDHR) asserting employment discrimination claims against FJC Security Services, Inc. The NYSDHR dismissed the complaint because it could not "conclude that a violation of the State Human Rights Law occurred." There was additional litigation in the New York State court system, which ended when the New York Court of Appeals denied Plaintiff leave to appeal.

In 2015, Plaintiff filed in the Eastern District of New York an employment discrimination complaint against FJC; the court granted the defendant's motion for summary judgment. *See Pierre v. FJC Sec. Servs. Inc.*, No. 15-CV-4627 (E.D.N.Y. Sept. 19, 2017), *aff'd* No. 17-3257 (2d Cir. May 24, 2018). Plaintiff also filed a complaint alleging that the NYSDHR had mishandled the FJC matter; the court dismissed that complaint for lack of subject matter jurisdiction. *See Pierre v. New York State Div. of Hum*, No. 15-CV-4881 (E.D.N.Y. Apr. 8, 2016), No 16-1234 (2d Cir. Aug. 10, 2016) (dismissing appeal as frivolous).

Plaintiff then filed two actions in this Court alleging that Eastern District judges and employees had mistreated him during the proceedings in that court. *See Pierre v. Tiscione*, ECF

1:18-CV-7562, 4 (LLS) (S.D.N.Y. Aug. 30, 2018) (dismissing complaint under the doctrine of judicial immunity), No. 18-2687 (2d Cir. Jan. 24, 2019) (dismissing appeal as frivolous); *Pierre v. Bloom*, ECF 1:18-CV-12193, 6 (CM) (S.D.N.Y. May 3, 2019) (dismissing complaint as frivolous and warning Plaintiff that he could face a filing injunction should he persist in engaging in vexatious litigation), No. 19-1567 (2d Cir. Nov. 13, 2019) (dismissing appeal as frivolous).

In this complaint, Plaintiff repeats his claim that FJC discriminated against him and retaliated against him. Plaintiff sues the Appellate Division for "missing his claims." There are few if any facts alleged about the other named defendants, but the Court assumes they are related to Plaintiff's employment at FJC and his subsequent firing.

On January 13, 2019, Plaintiff filed 125 pages of "records & exhibits to support" his complaint. (ECF No. 3.) Those documents arise from Plaintiff's prior administrative proceedings and litigation in state and federal court, and include court and agency orders, docket sheets, correspondence between Plaintiff and various agencies, and Plaintiff's commentary on why he is entitled to relief. Plaintiff seeks money damages.

## DISCUSSION

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977); *see Gollomp*, 568 F.3d at 368 (holding that the New York State

Unified Court System "is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity.").[1]

Plaintiff's § 1983 claims against the state agencies named as defendants in this action are therefore barred by the Eleventh Amendment and are dismissed.

## LITIGATION HISTORY

In addition to the cases already discussed, Plaintiff has filed five other actions and appeals that were dismissed on the merits. *See Pierre v. Alliance Sec. Servs.*, ECF 1:18-CV-3189, 6 (S.D.N.Y. June 20, 2018) (dismissing employment discrimination complaint for failure to state a claim), No. 18-1977 (2d Cir. Aug. 10, 2016) (dismissing appeal as frivolous); *Pierre v. Airserv Security*, No. 14-CV-5915 (E.D.N.Y. Sept. 21, 2016) (granting defendant's motion for summary judgment), No. 16-3770 (2d Cir. Jan. 5, 2017) (dismissing appeal as frivolous). *See also Pierre v. United States Postal Serv*, 18-CV-7474 (E.D.N.Y. Feb. 15, 2019) (dismissed for lack of subject matter jurisdiction). Plaintiff has already been warned that if he filed any additional duplicative or frivolous litigation in this Court, the Court would bar him from filing new civil actions in this Court IFP without prior leave of Court. *See Pierre v. Bloom*, ECF 1:18-CV-12193, 6 (CM) (S.D.N.Y. May 3, 2019).

In light of this litigation history and prior warning, Plaintiff is ordered to show cause why he should not be barred from filing any further actions in this Court IFP without first obtaining permission for leave file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an

---

[1] Moreover, a State or state agency is not considered a "person" for purposes of a § 1983 claim. *See Zuckerman v. Appellate Div., Second Dep't, Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970); *see generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding that a state agency is not a "person" for purposes of a § 1983 claim).

opportunity to be heard."). Within thirty days of the date of this order, Plaintiff must submit to this Court a declaration setting forth good cause why the Court should not impose this injunction upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this Court unless he first obtains permission from this Court to do so.

## CONCLUSION

The Clerk is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a), is dismissed on immunity grounds. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff shall have thirty days to show cause by declaration why an order should not be entered barring Plaintiff from filing any future action *in forma pauperis* in this Court without prior permission. A declaration form is attached to this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 14, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____
Executed on (date)                          Signature

_____                    _____
Name                                        Prison Identification # (if incarcerated)

_____                    _____
Address                          City              State      Zip Code

_____                    _____
Telephone Number (if available)             E-mail Address (if available)